739 So.2d 946 (1999)
Felix Carlos ALFONSO
v.
Lois Ann Gravois, Wife of Felix Carlos ALFONSO.
No. 99-CA-261.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 1999.
*947 Kenneth J. Hurst, Marrero, Louisiana, Attorney for Plaintiff/Appellant.
Joel Levy, Marrero, Louisiana, Attorney for Defendant/Appellee.
Panel composed of EDWARD A. DUFRESNE, Jr. and SOL GOTHARD, JJ., and ROBERT L. LOBRANO, J. Pro Tem..
GOTHARD, Judge.
Plaintiff, Felix Alfonso, is appealing from the denial of his motion to rescind a community property settlement.
On February 14, 1978, Mr. Alfonso initiated divorce proceedings against defendant, Lois Ann Gravois Alfonso, by the filing of a petition for divorce. In that petition, Mr. Alfonso alleged that he and defendant were married in April of 1970 in Honduras, that the parties voluntarily separated in December of 1975, and that they had been living separate and apart since that time. A divorce was granted to the parties by judgment signed March 9, 1978. The parties entered into a community property settlement, which was executed on March 10, 1978.
On June 30, 1997, Mr. Alfonso filed a petition to rescind the community property settlement. In that petition, he alleged that he and Ms. Gravois were never married, and therefore there was no community property regime between them. Ms. Gravois denied the allegations of the petition to rescind, and she filed a reconventional demand for attorney fees.
At the trial of this matter, Ms. Gravois testified that she met Mr. Alfonso in 1969 and the two started dating. She knew that Mr. Alfonso had been married but she believed that he was separated from his former wife. In April of 1970, she joined Mr. Alfonso on a trip to Honduras. While in Honduras, he told her that he had divorced his first wife, and that they were married. He gave her a document, written in Spanish, which purported to be a marriage certificate. The document stated, in Spanish, that the parties were married. Ms. Gravois testified that she knew no Spanish and was unfamiliar with Honduran customs, and therefore she believed him when he told her that they were married. The couple returned to Jefferson *948 Parish. They subsequently lived as man and wife for seven years, until Mr. Alfonso filed divorce proceedings.
Mr. Alfonso testified that Ms. Gravois knew that he was married at the time that they traveled to Honduras, and that he did not divorce his former wife until June of 1970, after he and Ms. Gravois returned from Honduras. He introduced a document to reflect that no marriage certificate had been issued to these parties in Honduras. He further testified that the "marriage certificate" produced by Ms. Gravois was a fraudulent document which she obtained at a later date. Mr. Alfonso did admit that he instituted divorce proceedings against Ms. Gravois, in which he averred that he and Ms. Gravois had been married. He further admitted that, while together, the couple filed joint tax returns. Finally, in an act of sale executed in 1988, Mr. Alfonso asserted that he had been married to, and divorced from, Ms. Gravois.
The trial court considered the evidence and concluded that:
From the evidence and testimony produced at the trial there may have been a legal impediment to the marriage between the parties, in that Mr. Alfonso had not yet been divorced from his first wife. However, it appears that Lois Ann Gravois was unaware of that fact and believed that he would obtain a divorce from his first wife in Honduras. While their marriage might in fact have been a nullity due to Mr. Alfonso's being married to someone else, this Court finds that Ms. Gravois truly believed that she was married to Mr. Alfonso during the period from 1970 to 1978 when Mr. Alfonso filed for and was granted a divorce by this Court. Having acted in good faith and believing that she was in fact married to Mr. Alfonso, Ms. Gravois is therefore entitled under the provisions of La. Civil Code Art. 96 to the civil effects which results from what this Court determines to be a putative marriage.
The trial court denied plaintiff's petition to rescind the community property settlement. The judge further rendered judgment in favor of Ms. Gravois for costs and for $500.00, which he stated in open court were for attorney fees.
On appeal, Mr. Alfonso alleges that the trial court erred in finding that Ms. Gravois was in good faith in her belief that they were legally married. He further argues that the trial court erred failing to annul the community property settlement agreement, because if there was no marriage, then there was no community to settle.
La. C.C. art. 96 provides that:
An absolutely null marriage nevertheless produces civil effects in favor of a party who contracted it in good faith for as long as that party remains in good faith.
When the cause of the nullity is one party's prior undissolved marriage, the civil effects continue in favor of the other party, regardless of whether the latter remains in good faith, until the marriage is pronounced null or the latter party contracts a valid marriage.
A marriage contracted by a party in good faith produces civil effects in favor of a child of the parties.
A purported marriage between parties of the same sex does not produce any civil effects.
"Good faith" is defined as an honest and reasonable belief that the marriage was valid and that no legal impediment to it existed. Saacks v. Saacks, 96-736 (La.App. 5 Cir. 1/28/97), 688 So.2d 673. "Good faith" consists of being ignorant of the cause which prevents the formation of the marriage, or being ignorant of the defects in the celebration which caused the nullity. Saacks v. Saacks, supra; Rebouche v. Anderson, 505 So.2d 808 (La. App. 2 Cir.1987), writ denied, 507 So.2d 228 (La.1987). The question of whether a party is in good faith is subjective, and *949 depends on all the circumstances present in a given case. Saacks v. Saacks, supra; In Re Succession of Gordon, 461 So.2d 357 (La.App. 2 Cir.1984), writ denied, 464 So.2d 319 (La.1985). Although the good faith analysis test incorporates the objective elements of reasonableness, the inquiry is essentially a subjective one. Saacks v. Saacks, supra; Rebouche v. Anderson, supra.
The determination of whether good faith is present is a factual question and the finding of the trial judge is entitled to great weight on appeal. That factual determination will not be overturned unless it is shown to be clearly wrong. Any doubt as to the existence of good faith is to be resolved in favor of a finding of good faith. Saacks v. Saacks, supra; Rebouche v. Anderson, supra.
In this case, the trial judge found from the evidence adduced at trial that, although the parties were not legally married, Ms. Gravois was in good faith in her belief that a valid marriage existed between she and Mr. Alfonso. Given the facts and circumstances presented in this case, we cannot say that the trial court was clearly wrong in his finding that Ms. Gravois was in good faith in her belief that Mr. Alfonso had divorced his first wife and in her belief that she and Mr. Alfonso had married while in Honduras. Having found that Ms. Gravois was a putative spouse, she was entitled to the civil effects of marriage, including the existence of a community. We find that the trial court did not err in its ruling denying the petition to rescind the community property settlement agreement.
Mr. Alfonso next alleges that the trial court erred in allowing the introduction of the alleged marriage certificate between he and Ms. Gravois into evidence, because the document had not been authenticated. However, La. C.E. art. 901A provides that "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Here, Ms. Gravois testified that the document in question was one given to her by Mr. Alfonso. She did not offer the document to prove that the parties were married, but instead to show her state of mind, or why she believed that they had been married in Honduras. The trial court found her testimony credible and ruled that the evidence was admissible; that the document was a document given to her by Mr. Alfonso. We see no error in the trial court's determination.
Mr. Alfonso lastly alleges that the trial court erred in awarding $500.00 to Ms. Gravois in attorney fees. However, we agree with the argument advanced by Ms. Gravois, in which she alleges that attorney fees are warranted pursuant to La. C.C.P. art. 863. That article requires that the attorney or party who signs a pleading make an objectively reasonable inquiry into the facts and law. In this case, Mr. Alfonso himself repeatedly asserted to Ms. Gravois that they had been legally married in Honduras, as evidenced by his actions, including that of filing for a divorce from Ms. Gravois. Accordingly, Mr. Alfonso cannot now allege that he reasonably believed that Ms. Gravois knew that the marriage was invalid. We see no error in the trial court's award of attorney fees.
Ms. Gravois answered this appeal and requested additional attorney fees pursuant to La. C.C.P. art. 2164, which provides for the imposition of damages, including attorney's fees, for frivolous appeal. We find that this appeal raises no serious legal questions, and further that appellant does not seriously believe in the position he advocates. Accordingly, we award an additional $500.00 in attorney fees for defense of this appeal.
For the above discussed reasons, the decision of the trial court denying the plaintiff's petition to rescind community property settlement, and awarding $500.00 in attorney fees is affirmed. In addition, *950 we award an additional $500.00 for attorney fees for this appeal. All costs are assessed against plaintiff, Felix Carlos Alfonso.
AFFIRMED.