NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-779

SUCCESSION OF

ALBERT PHILLIPS, SR.

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 14,608
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Charles Wilson Seaman**
**Attorney at Law**
**P. O. Box 835**
**Natchitoches, LA 71458-0835**
**(318) 352-7821**
**Counsel for Intervenors/Appellants:**
**Vivian Johnson**
**Caltren Payton**
**Sue Nash**
**William Phillips, Sr.**

**Jared Dunahoe**
**Dunahoe Law Firm**
**P. O. Box 607**
**Natchitoches, LA 71457**
**(318) 352-1999**
**Counsel for Appellee:**
**Lashonda Phillips**

**Ezell, Judge.**

The siblings of Albert Phillips appeal the judgment of the trial court placing Lashonda Phillips in possession of his estate as sole heir. For the following reasons, we affirm the judgment of the trial court.

In September 1966, Gladys Phillips, at the age of sixteen, married Leroy Brown. Believing that marriage to be null due to her age at the time of the marriage, Gladys then married Albert Phillips in 1969, without having divorced Leroy Brown. In August 1972, Lashonda Phillips was born. Three years later, Gladys finally divorced Leroy Brown. Albert never divorced Gladys or filed any disavowal action regarding Lashonda.

In September 2009, Albert passed away. Lashonda opened his succession, seeking to be recognized as sole heir and to be placed in possession of his estate. Albert's siblings (the Intervenors) intervened, alleging Albert died without heirs and also seeking to be placed in possession of his estate. The trial court dismissed the intervention and entered a judgment in favor of Lashonda, placing her in possession of the estate of Albert Phillips. From that decision, the Intervenors appeal.

The Intervenors assert three assignments of error on appeal. They claim that the trial court erred in finding Albert and Gladys Phillips entered their marriage in good faith; that the trial court erred in holding that the time to bring a disavowal action had prescribed; and that the trial court erred in failing to find the Intervenors had proved Lashonda was not the child of Albert. Because our findings on them are so intertwined, we will address the first two assignments together.

Louisiana Civil Code Article 94 states that "[a] marriage is absolutely null when contracted without a marriage ceremony, by procuration, or in violation of an impediment. A judicial declaration of nullity is not required, but an action to recognize the nullity may be brought by any interested person." Because an existing

marriage is an impediment to a subsequent marriage, Gladys and Albert Phillips' marriage was absolutely null. La.Civ.Code art. 88. However, La.Civ.Code art. 96 goes on to state, in pertinent part:

> An absolutely null marriage nevertheless produces civil effects in favor of a party who contracted it in good faith for as long as that party remains in good faith.
>
> When the cause of the nullity is one party's prior undissolved marriage, the civil effects continue in favor of the other party, regardless of whether the latter remains in good faith, until the marriage is pronounced null or the latter party contracts a valid marriage.
>
> A marriage contracted by a party in good faith produces civil effects in favor of a child of the parties.

As noted in *Alfonso v. Alfonso*, 99-261, p. 5 (La.App. 5 Cir. 7/27/99), 739 So.2d 946, 948-49 (citations omitted):

> "Good faith" is defined as an honest and reasonable belief that the marriage was valid and that no legal impediment to it existed. "Good faith" consists of being ignorant of the cause which prevents the formation of the marriage, or being ignorant of the defects in the celebration which caused the nullity. The question of whether a party is in good faith is subjective, and depends on all the circumstances present in a given case. Although the good faith analysis test incorporates the objective elements of reasonableness, the inquiry is essentially a subjective one.
>
> The determination of whether good faith is present is a factual question and the finding of the trial judge is entitled to great weight on appeal. That factual determination will not be overturned unless it is shown to be clearly wrong. Any doubt as to the existence of good faith is to be resolved in favor of a finding of good faith.

Additionally, "[t]he husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the date of the termination of the marriage." La.Civ.Code art. 185. "The action for disavowal of paternity is subject to a liberative prescription of one year. This prescription commences to run from the day the husband learns or should have learned of the birth of the child." La.Civ.Code art. 189.

The trial court found that Gladys and Albert Phillips were in good faith when they entered into their marriage because Gladys believed her prior marriage to Leroy

Brown to have been null due to her young age. There was no evidence in the record to counter that finding. Further, even if the court disbelieved Gladys, there is no evidence at all that Albert was not in good faith at the time he married her. Because the marriage was contracted in good faith, civil effects of the marriage were produced in favor of Lashonda under La.Civ.Code art. 96, regardless of the actual nullity. Moreover, because Albert did not file any disavowal of paternity within one year of her birth, he could no longer seek to disavow Lashonda, even if subsequent questions surrounding her paternity arose. Lashonda Phillips is entitled to be deemed the sole heir of Albert Phillips. There is no error evident in the trial court's findings.

Finally, the Intervenors assert that they proved by a preponderance of the evidence that Lashonda was the child of Matthew Braxton. We agree with the trial court that the simple listing of Lashonda as his child in Mr. Braxton's funeral program in no way established any paternity, nor does a letter published in the paper. Again, there is no error in the rulings of the trial court.

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the Intervenors.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.